**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM HUDSON,** ) | **Case No. 1:12CV784** |
| ) | |
| Petitioner, ) | **Judge Dan Aaron Polster** |
| ) | |
| v. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **WARDEN TIBBLES, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is Petitioner William Hudson's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Magistrate Judge Vernelis Armstrong has written a Report and Recommendation; Petitioner has filed objections.

I.

On February 20, 2007, an Ohio jury convicted Petitioner William Hudson on five counts, including attempted murder and felonious assault. On March 12, 2007, the trial judge sentenced him to 24 years in prison. Petitioner challenged—without success—his conviction on direct appeal, with the Ohio Supreme Court dismissing the appeal on September 10, 2008.

On June 11, 2008, Petitioner filed an application to reopen the direct appeal. The court of appeals denied the application, as did the Ohio Supreme Court. Petitioner then asked the Supreme Court to reconsider its denial. The Supreme Court initially granted the request but reversed course on April 7, 2010, after realizing the request had been improvidently granted. Petitioner then made a series of post-conviction motions—all to no avail.

It was on March 30, 2012, that Petitioner filed the instant Petition for Writ of Habeas Corpus. Magistrate Judge Armstrong recommends denying the petition as barred by the statute

of limitations—even after applying the principle of equitable tolling.

II.

A state prisoner seeking habeas relief under 28 U.S.C. § 2254 is subject to a one-year statute of limitations. For Petitioner, the one-year period started running from the date on which the state-court judgment became final, *i.e.*, when the time for seeking direct review expired. 28 U.S.C. § 2244(d)(1)(A). Direct review includes the 90-day period for petitioning the U.S. Supreme Court for a writ of certiorari. *Knuckles v. Brigano*, 70 Fed. Appx. 830, 838 (6th Cir. 2003) (citing *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989)). Thus, Petitioner's one-year period began 90 days after September 10, 2008, the date on which the Ohio Supreme Court denied Petitioner's leave to appeal. March 30, 2012, the date the instant petition was filed, is, of course, well past the one-year deadline.

Yet Magistrate Judge Armstrong recommends applying the doctrine of equitable tolling in light of Petitioner's diligence in pursuing his state-court remedies. She recommends suspending the statute of limitations for the time during which Petitioner actively petitioned the state courts to reopen his direct appeal. But even under this equitable calculation, Petitioner had until May 26, 2011, to file his habeas corpus petition—ten months before he actually did. Thus, regardless of whether equitable tolling is applied or not, Petitioner is time barred.

III.

Petitioner, in his objections, does not dispute Magistrate Judge Armstrong's calculations. Instead, he argues that "[f]or the limitation period to begin running there must be a valid final judgment and in the instant case there simply is not." (Doc. # 16 at 1). Why not? Because, according to him, the trial court imposed a sentence that does not "comport with statutorily mandated provisions" and is therefore "void and subject to total re-sentencing." (Id. at 2).

Another prisoner tried that argument with me once before, and I rejected it. I will quote the relevant passage of the Report and Recommendation that I adopted:

-2-

>       Buoscio argues that, because [the state court] failed to comply with Ohio law, his sentence, and therefore the judgment against him, never became final. Consequently, he argues the statute of limitations has not expired. (ECF No. 7 at 11.) . . . In *Frazier v. Moore*, 252 Fed. App'x. 1 (6th Cir. 2007), the Sixth Circuit Court of Appeals rejected a nearly identical argument. The *Frazier* court found that even if a state court judgment was defective, "that does not lead to the conclusion that there was no judgment for the purpose of [AEDPA]'s one year statute of limitations. Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under § 2244(d) [of the AEDPA]." *Id.* at 5-6.("Furthermore, the validity of a judgment as a matter of state law is for the state to determine."); *accord Justice v. Crews*, 2012 U.S. Dist. LEXIS 58455 (E.D. Ky. Apr. 10, 2012).

*Buoscio v. Turner*, 2012 U.S. Dist. LEXIS 149236, 10-11 (N.D. Ohio Sept. 26, 2012), *R& R adopted by Buoscio v. Turner*, 2012 U.S. Dist. LEXIS 149228 (N.D. Ohio, Oct. 17, 2012).

I again reject the argument.

IV.

Accordingly, the Court **OVERRULES** the objections (Doc. # 16), **ADOPTS** the Report and Recommendation (Doc. # 15), and **DISMISSES** the petition (Doc. # 1).

Petitioner's motion to order the State to provide a complete transcript (Doc. # 6) is **DENIED** as moot.

**IT IS SO ORDERED.**

> */s/ Dan Aaron Polster   February 20, 2013*
> **Dan Aaron Polster**
> **United States District Judge**